UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-256-HRW

JENNIFER HINTON.                                              PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits, and supplemental security income benefits on April 9, 2003, alleging disability beginning on November 15, 2001, due to a back impairment resulting from a broken vertebra and a pinched nerve (Tr. 74, 82).  This application was denied

1

initially and on reconsideration. On March 4, 2004, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by a non-attorney representative, testified (Tr. 28-43). At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 44-46).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 21, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 10-15). Plaintiff was 22 years old at the time of the hearing decision (Tr. 11). She has a high school education (Tr. 11). Her past relevant work experience consists of work as a factory quilter.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.11). The ALJ then determined, at Step 2, that Plaintiff suffered from morbid obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 15). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13). The ALJ then found that Plaintiff could return to her past relevant work (Tr. 14). The ALJ also determined that she has the following residual functional capacity ("RFC"): "to lift no more than 20 pounds at a time, with frequent lifting and carrying of objects weighing up to ten pounds" (Tr. 14).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform light and medium work, such as production inspector, cashier and assembler (Tr. 14). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 14).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 27, 2004 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

**A.     Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to consider her back problem to be a "severe" impairment and (2) the ALJ improperly discounted the opinion of her treating chiropractor, Dr. C.C. Smith.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to consider her back problem to be a "severe" impairment.

In this case, the ALJ found that Plaintiff's back impairment was not a severe impairment, as the record is devoid of any statement from an acceptable medical source which would indicate that Plaintiff suffered from any functional limitations due to her back problems (Tr. 12). Based upon the record, this Court finds that the ALJ's determination was based upon substantial evidence. The Court is mindful of

5

the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

Plaintiff appears to argue that her diagnosis of a lumbar fracture in 2000 (Tr. 11) conclusively establishes the severity of her back impairment. However, the mere diagnosis of a condition says nothing about is severity. *Higgs*, 880 F.2d at 863. The pertinent inquiry is whether or not the condition is **disabling**. The ALJ concluded that there was no objective evidence to indicate disabling impairment. Notably, the only assessment of Plaintiff's back impairment during the relevant period of inquiry was conducted by Dr. Bobby Kidd, a consultative physician, who reported essentially normal musculoskeletal findings, a normal range of motion and an absences of muscle spasm (Tr. 119-120). There is no objective medical evidence of record to refute Dr. Kidd's findings.

The ALJ further noted that Plaintiff engages in a wide range of normal, daily activity, such as vacuuming, washing dishes, cooking and watching TV. Such

activities belie the existence of disabling impairment (Tr. 12).

Plaintiff asserts that the ALJ regarded the opinions of her treating physicians in assessing the severity of her back impairment. However, as the Defendant points out, Plaintiff fails to identify any such opinions which describe functional limitations resulting therefrom. As such, Plaintiff has failed to establish the severity of her back impairment.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinion of her treating chiropractor, Dr. C.C. Smith. As the Defendant argues, this contention is without merit as a chiropractor is not deemed an acceptable source of medical evidence and is, thus, not entitled to the deference generally afforded to treating physicians. *See* 20 C.F.R. §404.1513(a). Moreover, Dr. Smith's findings are irrelevant to the relevant period of inquiry as his only examination of Plaintiff was conducted well over a year prior to Plaintiff's alleged onset of disability.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 6, 2006.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge